IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| EUGENE ROSALES, on behalf of himself and all others similarly situated,; | 8:17CV87 |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| JOHN C. HEATH, Attorney at Law; | |
| Defendant. | |

This matter is before the court on Defendant's motion to stay. ([Filing No. 14](#)). For the following reasons, the motion will be granted and the case will be stayed.

BACKGROUND

a. <u>Plaintiff's Claims</u>

On March 20, 2017, Plaintiff Eugene Rosales filed a complaint against Defendant John C. Heath Attorney at Law, PLLC dba Lexington Law Firm ("Lexington Law") alleging Lexington Law had repeatedly sent his cellular phone automated text messages without his consent in violation of the Telephone Consumer Protection Act ("TCPA"), [47 U.S.C. § 227](#), et seq. ([Filing No. 1](#)). Rosales alleges that Defendant sent text messages using an automatic telephone dialing system ("ATDS"). Specifically he claims "Defendant acquired Plaintiff's number, stored it in a database connected to its telephonic or computer system, and then used its system to send text messages to Plaintiff's cell phone automatically and without human intervention." ([Filing No. 1 ¶ 38 at CM/ECF p. 7](#)).

On May 8, 2017, Lexington Law moved to stay this case until the U.S. Court of Appeals for the D.C. Circuit ruled in ACA International v. Federal Communications Commission, Case No. 15-1211 (filed July 10, 2015). Lexington Law states that the decision in ACA International will determine the definition of a an ATDS for the purposes of the FCRA. Lexington Law contends this issue is fundamental to Plaintiff's claims and may affect their viability.

b. The 2015 FCC Order and ACA International v. FCC

In 2015, the FCC issued an order outlining its interpretation of numerous provisions of the TCPA including the definition of an ATDS.[1] See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling and Order, 39 FCC Rcd. 7961 (2015). The FCC Order expanded the definition of an ATDS to include any equipment that could potentially be modified to generate random or sequential numbers.

Nine parties filed petitions challenging the FCC Order in various U.S. courts of appeals. The petitions were consolidated before the Court of Appeals for the D.C. Circuit. One issue that will be determined in ACA International is "[w]hether the [FCC] interpreted ATDS in a way that unlawfully turns on the equipment's potential rather than present abilities . . . ." See Joint Brief for Petitioners at 4, ACA International v. FCC, No. 15-1211 (D.C. Cir. Nov. 25,

---

[1] The TCPA prohibits any person from making any call to a cellular telephone number without prior consent when using an ATDS. 47 U.S.C. § 227(b)(1)(a). Section 227(a)(1) of the TCPA defines an ATDS as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

2015). Briefing concluded on February 24, 2016 and the Court of Appeals heard oral arguments on October 19, 2016.

Based on the oral arguments, Lexington Law contends that the D.C. Circuit will likely reject the expanded definition of an ATDS. Specifically, Lexington Law surmises the court will reject the potential capacity component of the FCC's ATDS definition. Lexington Law argues the ACA International decision will affect, if not invalidate, Plaintiff's claims and have an impact on the discovery allowed in this case.

ANALYSIS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248 (1936). A federal district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997).

In evaluating a stay, a court should consider several relevant factors including "maintaining control of its docket, conserving judicial resources, and the important interest of providing for the just determination of cases pending before the court." Daywitt v. Minnesota, 2016 U.S. Dist. LEXIS 68512, 2016 WL 3004626, *5 (D. Minn. May 24, 2016). A stay may be warranted where the matter implicates "rights which are inextricably tied to [a] pending . . . claim in [another court]." See Kemp v. Tyson Seafood Grp., Inc., 19 F. Supp. 2d 961, 965 (D. Minn. 1998). "Traditionally, an applicant for a stay has the burden of showing

3

specific hardship or inequity if he or she is required to go forward." Jones v. Clinton, 72 F.3d 1354, 1364 (8th Cir. 1996).

Lexington Law argues that the ACA International decision has the potential to "drastically" affect the nature of this action. Specifically, defendant argues that discovery in this case could be rendered moot or altered based on the determined definition of ATDS.

The plaintiff argues the ACA International decision will not be dispositive to the outcome of this case nor does it affect Plaintiff's claims arising under the Fair Credit Reporting Act ("FCRA"). Plaintiff also states that he will be prejudiced by having to wait for a ruling from the D.C. Circuit.

Whether the communications equipment used by Lexington Law qualifies as an ATDS is clearly an essential element of Rosales' claim under the TCPA. Rosales primarily argues Lexington Law's system had the full capacity to store and dial numbers without human intervention and that the defendant used the system without human intervention in sending the text messages underlying Plaintiff's claims. That is, Plaintiff's claims do not rely upon the potential capacity component of the ATDS definition which is being challenged. (See Filing No. 1). Regardless, Plaintiff also cites to the FCC Order and broad definition of an ATDS to support his claims. (See Filing No. 1 ¶¶ 17, 18 at CM/ECF p. 4). And Plaintiff alleges "[i]n the unlikely event that Defendant's system does not already have the capacity to generate random or sequential numbers, that capacity can be trivially added." (Filing No. 1 ¶ 48 at CM/ECF p. 9). Given this inclusion, while Plaintiff is not currently relying on the contested definition, discovery regarding how the defendant's system worked would certainly include an inquiry into the potential to

add automatic dialing capacity. The decision in ACA International could have some affect on permissible discovery and evidence in this case.

Regarding the timeline for decision in ACA International, briefing concluded on February 24, 2016 and the Court of Appeals heard oral arguments on October 19, 2016. It is now June 8, 2017. The duration of any stay in this case will likely be minimal, while Rosales' lawsuit against Lexington Law is still in its infancy and discovery has yet to begin. And Plaintiff has not otherwise shown how he would be prejudiced by a short stay.

On balancing judicial and party resources against the minimal delay this stay will cause Plaintiff, the court finds a stay is appropriate.

Dated this 9th day of June, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge