IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EUGENE ROSALES, on behalf of himself and all others similarly situated,; <br><br> Plaintiff, <br><br> vs. <br><br> JOHN C. HEATH, Attorney at Law; <br><br> Defendant. | **8:17CV87** <br><br> **STIPULATED PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff Eugene Rosales and Defendant John C. Heath Attorney at Law, PLLC dba Lexington Law Firm, through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other proprietary information belonging to Defendant and/or credit and other confidential information of Plaintiff and third parties.

THEREFORE, this Court orders as follows:

1. This Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order.

2. Any documents, testimony or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other

party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c) or other provision of law asserted by the producing party, shall be so designated in writing, or orally at a deposition, hearing or trial and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." Such documents, transcripts, or other materials are referred herein as "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL-AEO MATERIALS," respectively.

3. A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within two (2) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY, in accordance with paragraph 2 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL or CONFIDENTIAL-AEO MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation. The designating party must serve such Notice within ten (10) calendar days after its counsel receives a copy of the deposition transcript. All transcripts ordered within two (2) business days from the conclusion of the deposition will be treated as confidential until the expiration of the ten (10) day period described in this paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4. All CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with this Order.

5. In the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties and their attorneys of record, and those attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts or consulting experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (v) outside photocopying and electronic discovery vendors; and (vi) the Court, Court personnel, and members of any jury impaneled to hear this case.

6. CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS shall not be disclosed to any person designated in paragraph 5(iii) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS solely for the purposes of this litigation. All persons to whom CONFIDENTIAL MATERIALS or

CONFIDENTIAL-AEO MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto. No person receiving or reviewing CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS.

7. Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is promptly asserted after discovery of the inadvertent failure. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order, and upon request from the producing party certify that the designated documents have been maintained as Confidential Information.

8. With regard to claims of privilege or of protection as trial-preparation material asserted after production, the parties have agreed to an order as follows: Inadvertent disclosure of information or any documents (including electronic data) that contain information protected by the attorney-client privilege and/or the work product doctrine shall not waive any attorney-client privilege or work product privilege applicable to that information, document, or subject matter. As soon as practicable, the producing party shall inform the receiving party, in writing, that the information or document is subject to a legitimate claim of privilege and the return of the information or document is promptly requested. As soon as practicable upon determining that

privileged or work product information or documents have been produced, the receiving party shall inform the producing party in writing of its receipt of work product information.

Upon receiving written notice of the producing party's claim of privilege, or when the receiving party receives information produced by the other party which the receiving party recognizes as containing privileged or work product information, the receiving party shall treat the information as privileged and either: (1) promptly return the information or document to the producing party, (2) destroy all copies of the information or document, or (3) if the receiving party has a good faith basis to believe the information is not privileged, may challenge the producing party's claim. Until an agreement is reached or a determination is made by this Court, such information shall be treated as privileged and may not be used or disclosed in any manner. In the event the receiving party destroys the information, the receiving party shall so inform the producing party in writing within ten (10) days that the information has been destroyed.

9. In the absence of an order by the Court, CONFIDENTIAL-AEO MATERIALS shall not be disclosed to any person other than counsel of record in this case, those attorneys' support staff employees who perform work tasks related to this case, and the in-house counsel of a party.

10. In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for fifteen (15) days after such notice. If, after receiving such notice, the designating party seeks to retain the designated status of such materials, the designating party

has an obligation to move the Court to retain the designated status of such materials. If the designating party files such a motion within the fifteen (15) day period, the receiving party shall continue to retain the materials as CONFIDENTIAL or CONFIDENTIAL-AEO, consistent with the designating party's designation, until the Court has ruled on the designating party's motion. If the designating party fails to file such a motion within the fifteen (15) day period, the receiving party can thereafter treat the materials as if they were not designated CONFIDENTIAL or CONFIDENTAIL-AEO.

11. Any party seeking to file CONFIDENTIAL MATERIALS or CONFIDENTIAL - AEO MATERIALS with the Court shall file such material in accordance with Local Rule 7.5. The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules.

12. Subject to paragraph 10, within sixty (60) days after the conclusion of this case, upon written request, the receiving party shall assemble and make available to the designating party all materials containing information designated in accordance with paragraph 2, above (with the exception of any attorney-work product, which the receiving party may retain but shall continue to treat as CONFIDENTIAL MATERIAL and CONFIDENTIAL-AEO MATERIAL as provided in this Order). The receiving party may elect to have the designated materials destroyed or returned, and if the receiving party chooses the former, the receiving party shall provide written verification that the materials, including any summaries, extracts, compilations, notes or other attorney work product, have been destroyed and the manner in which such materials have been destroyed.

13. This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the

purposes of enforcing this Order. Each individual signing the acknowledgment attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

14. This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief.

15. Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "CONFIDENTIAL-AEO," nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any materials as "CONFIDENTIAL" or "CONFIDENTIAL-AEO" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

16. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

17. Third parties who are the subject of discovery requests, subpoenas, or depositions in this case may take advantage of the provisions of this Order by providing Plaintiff and Defendant with written notice that they intend to comply with and be bound by the terms of this Order.

Dated: September 21, 2018

                                        By: /s/ Julie D. Hoffmeister
                                        Julie D. Hoffmeister
                                        David N. Anthony
                                        TROUTMAN SANDERS LLP
                                        1001 Haxall Point
                                        Richmond, VA 23219
                                        Telephone: (804) 697-1448
                                        Facsimile: (804) 697-1339
                                        julie.hoffmeister@troutmansanders.com
                                        david.anthony@troutmansanders.com


                                        By: /s/ Sergei Lemberg
                                        Sergei Lemberg
                                        LEMBERG LAW
                                        43 Danbury Road
                                        Wilton, CT 06897
                                        Telephone: (203) 653-2250
                                        Facsimile: (203) 653-3424


IT IS SO ORDERED.

Dated this 21st day of September, 2018

                                        BY THE COURT:


                                        s/ Cheryl R. Zwart
                                        United States Magistrate Judge

# **EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EUGENE ROSALES, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )    Civil Action No. 8:17-cv-00087 |
| | ) |
| LEXINGTON LAW FIRM, | ) |
| | ) |
|       **Defendant.** | ) |

## DECLARATION OF _____ UNDER STIPULATED PROTECTIVE ORDER

I, _____ being duly sworn, declares as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____
_____.

4. I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

5. I will comply with all of the provisions of the Protective Order. I will hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order. I will not use any Confidential Material disclosed to me for any purposes other than this case.

6. I will return all Confidential Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

7. I hereby submit to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of the Protective Order in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

                                                                                         _____