IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EUGENE ROSALES, on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>JOHN C. HEATH, Attorney at Law, doing business as Lexington Law;<br><br>Defendant. | 8:17CV87<br><br>ORDER |

On November 9, 2018, the court conferred with counsel regarding a discovery dispute. Plaintiff was requesting the identity of all persons, nationwide, who "received on their cellular telephone at least one unauthorized text message" from Defendant Heath, doing business as Lexington Law ("hereinafter "Lexington Law"), advertising its credit repair services. Plaintiff further requested "all documents showing prior express written consent from any putative class member;" and the identification of each individual who is not a customer of Lexington Law to whom Lexington Law sent an advertising text message.

After listening to the parties' arguments, the court questioned whether Plaintiff had consented to receipt of Defendant's text messages. If so, he has no standing and cannot serve as a representative of the class. And even if he did not consent, the court questioned whether he could adequately represent all members of the putative class as currently defined. The court requested briefing on the issue. ([Filing No. 37](Filing No. 37)).

After thoroughly reviewing the parties' briefs and performing its own research on the applicable law, I have concluded that as to the named plaintiff, this

case may be resolved by summary judgment in favor of the defendant on the issue of consent.

Accordingly, before the court addresses whether Plaintiff is entitled to discovery as to all putative class members,

IT IS ORDERED:

1) On or before March 18, 2019, the Defendant shall file its anticipated motion for summary judgment on the issue of whether the plaintiff consented to receipt of text messages and therefore has no cognizable claim against Lexington Law.

2) Discovery is permitted solely as to the limited issue of whether Plaintiff consented to receive text messages from Lexington Law during the time frame alleged in the complaint ("[s]tarting in 2016", Filing No. 1, at CM/ECF p. 5, ¶ 21), and if so, whether Plaintiff rescinded or revoked that consent and when this rescission/revocation occurred. Such discovery shall be completed on or before February 28, 2019.

3) The parties' unopposed motion to extend deadlines, (Filing No. 41), is denied as moot.

Dated this 16th day of January, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge